SUSAN S. FRANCKLYN, APPELLANT, *v.* LONG ISLAND CITY AND OTHERS, RESPONDENTS.

*Taxes — power of the legislature to validate them when void — the act may be made applicable to existing actions — 1882, chap. 383, sec. 18.*

Section 18 of chapter 383 of 1882, relating to Long Island City, provides that "no tax or taxes heretofore laid, levied or confirmed, or attempted or intended so to be, for city or ward purposes in said city, shall be vacated or set aside, nor shall any action or proceeding in law or in equity be had or heard to remove the same as a cloud upon title, or to review or correct the same, or restrain the collection thereof, by reason of the omission or neglect of any officer or department of said city to perform any duty imposed upon him or it in relation to the assessment, * * * or for or by reason of any omission or neglect to comply with or carry out any law or ordinance, or for or by reason of any irregularity, neglect or technicality whatever."

*Held,* that the act was applicable to actions, commenced before its passage, to vacate taxes previously levied.

That it prevented the court from vacating or restraining the collection of a tax, though it was shown that the assessors had fraudulently omitted property subject to taxation to favor the owner thereof, and though two of the assessors had so deceived and ignored the third as that the assessment could not be said to be the act of the three.

APPEAL from a judgment dismissing the complaint, entered upon the report of a referee.

The action was brought to have certain taxes levied in Long Island City, in and for the year 1881, declared null and void and canceled them on the tax rolls. The plaintiff claimed that the assessors of the city intentionally omitted from the assessment a large quantity of property liable to assessment and taxation, and that one of the assessors was prevented by the other two from taking part in the assessment of property in two wards of the city.

*Frank E. Blackwell*, for the appellant.

*J. Ralph Burnett*, for the respondents.

BARNARD, P. J.:

There can be no doubt but that the assessors improperly left out of their lists of real estate for the purposes of taxation very considerable property in the first and second wards of Long Island City. There is proof that it was done in fraud of the principle of equality which should govern all taxation. There is even proof that it was done to favor certain particular persons. It could not be ignorance, because the omission of property is not uniform; one escapes and another pays under precisely the same state of facts. There is even proof that two of the assessors deceived and ignored the third to such an extent that the assessment cannot be said to be the act of three assessors. Assuming that the tax is fraudulent and illegal for other reasons, the legislature have validated the tax. By chapter 383, Laws of 1882, section 18, it was enacted that all previous taxes, notwithstanding any omission of any officer, and notwithstanding any irregularity, " are hereby in all respects ratified and confirmed." The legislature have the absolute power of taxation. They may impose taxes directly, and may exempt property without any reason other than the will of the legislature. By chapter 363 of Laws of 1882 the legislature legalized void taxes in Brooklyn. This was held a good validation of the tax, but not of proceedings taken before the passage of the law for its correction. If the tax in question is held good, it would prevent a court of equity from decreeing it void because the action for that purpose was commenced before the passage of the law. The law says that no proceeding in law or equity shall be " heard to remove the same as a cloud upon title." It was competent for the legislature to take away this relief. (*Lennon v. The Mayor*, 55 N. Y., 361.) The judgment should be affirmed, without costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, without costs.